■ ANDREW ELLIS, Appellant-Respondent, v ALLSTATE INSURANCE COMPANY, Respondent-Appellant.—In an action to recover proceeds of an insurance policy, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated September 15, 1988, as, inter alia, denied his motion for summary judgment, and the defendant has filed a notice of cross appeal from the order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff was seriously injured when he was struck by a motor vehicle driven by one Brian McClane. A judgment was entered against that tort-feasor and the plaintiff commenced

the instant action in order to recover the balance of the judgment from McClane's excess insurance carrier, the defendant Allstate Insurance Company. The defendant denied liability, contending, *inter alia,* that McClane was engaged in a business activity at the time of the incident and that accidents occurring under such circumstances are excluded from coverage under the policy.

The plaintiff moved for summary judgment, relying primarily upon Brian McClane's affidavit categorically denying that he was involved in a business activity at the time of the accident. If there was any business involvement, the defendant is not liable to the plaintiff based on the business exclusion in the policy.

It is evident that McClane has a great personal interest in the matter. Thus, we find him to be an interested witness, whose testimony a fact finder may be inclined to discredit. If his testimony were not found credible, there would be no support for the plaintiff's position *(see, Cohen v St. Regis Paper Co.,* 64 NY2d 656, 658). Furthermore, only McClane has personal knowledge of his purpose and destination at the time his vehicle struck the plaintiff. Where a matter is within a person's exclusive knowledge, on a motion for summary judgment an issue of credibility may be raised requiring a trial *(see, Castillo v General Acc. Ins. Co.,* 111 AD2d 112, 113). Moreover, "summary judgment should be denied where knowledge of the facts 'is * * * peculiarly within the possession of the movant' " *(Frame v Markowitz,* 125 AD2d 442, 443; *see also, Hoffman-Rattet v Ortho Pharm. Corp.,* 135 Misc 2d 750). Thus, we concur with the finding of the Supreme Court, Nassau County, that there are triable issues of material fact requiring the denial of summary judgment.

The plaintiff also contends that the defendant's notice disclaiming coverage pursuant to the business exclusion in the policy was untimely as a matter of law. Given the particular facts and circumstances of the instant action, this court notes its disapproval of the dilatory manner in which the defendant handled the plaintiff's claim. Nevertheless, the defendant's delay in giving timely notice of disclaimer was not unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, *rearg denied* 47 NY2d 951). The determination of that issue is for the trier of fact *(see, Allstate Ins. Co. v Gross,* 27 NY2d 263).

We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.