■ Lusile Donatin, Appellant, v Sea Crest Trading Co., Inc., Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated April 25,

1989, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is denied.

The plaintiff, an employee of Sea Crest Linen Supply Company (hereinafter Linen), was injured at work when a portion of a plaster ceiling caved in on her. Linen was the sole tenant of the building where the injury occurred. The building was owned by the defendant, Sea Crest Trading Co., Inc. After the plaintiff received workers' compensation benefits through Linen, she commenced this action based, *inter alia,* on the defendant's failure to maintain the ceiling.

The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint as barred by the exclusivity provisions of the Workers' Compensation Law.

We agree with the plaintiff's argument that the court erred in granting summary judgment to the defendant. The cases relied upon by the court, i.e., *Heritage v Van Patten* (90 AD2d 936, *affd* 59 NY2d 1017), and *St. Andrews v Lucarelli* (115 AD2d 155), are distinguishable from the instant case and inapplicable. Moreover, it has been stated that "The proponent of a motion for summary judgment is required to make a prima facie showing of entitlement to judgment, as a matter of law, offering sufficient evidence to eliminate any material issues of fact from the case. The failure to make such a showing requires the denial of the motion, regardless of the insufficiency of the opposing papers *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132; *Raia Indus. v Young,* 124 AD2d 722)" *(Fox v Wyeth Labs.,* 129 AD2d 611; *Zuckerman v City of New York,* 49 NY2d 557, 562).

Here, although the defendant presented some evidence that the two companies were related, that evidence fell far short of establishing the defendant's entitlement to judgment as a matter of law. There clearly exists a triable issue of fact as to whether the defendant was such an "alter ego" of Linen as to warrant a finding that it is entitled to a defense of workers' compensation *(see, Buchner v Pines Hotel,* 87 AD2d 691, *affd* 58 NY2d 1019; *Bradford v Air La Carte,* 79 AD2d 553; *Thomas v Maigo Corp.,* 37 AD2d 754; *Daisernia v Co-Operative G.L.F. Holding Corp.,* 26 AD2d 594; *Mastey v Mancusi,* 122 Misc 2d 119). "The defendant has the burden of establishing the defense of workers' compensation by a preponderance of the credible evidence" *(Williams v Forbes,* 175 AD2d 125, 126). Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.