■ STALEY ELEVATOR CO., INC., Respondent, v JOSEPH KUBACKA, Defendant, and LOUIS V. VARONE, Appellant.—Order, Supreme Court, New York County (Walter Schackman, J.), entered March 11, 1992, which, *inter alia,* denied the cross-

motion by defendant Varone for summary judgment pursuant to CPLR 3212 dismissing the complaint as against him, unanimously affirmed, with costs.

The IAS Court properly determined that there exists a triable issue of fact as to whether Varone, as co-owner with defendant Joseph Kubacka ("Kubacka") of the premises in which an elevator was installed by plaintiff Staley Elevator Co., had either authorized the execution by defendant Kubacka of the written contract for the purchase and installation of the elevator on the defendants' jointly owned premises, or ratified that contract.

That defendant Varone averred that he never appointed his co-owner as his agent, is without significance since "self-serving statements of an interested party which refer to matters exclusively within that party's knowledge create an issue of credibility which should not be decided by the court but should be left for the trier of facts" *(Sacher v Long Is. Jewish-Hillside Med. Ctr.,* 142 AD2d 567, 568; *see also, Ellis v Allstate Ins. Co.,* 151 AD2d 543, 544). Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Rubin, JJ.