■ HAROLD F. ECKER et al., Respondents, v SALVATORE R. CURIALE, as Superintendent of Insurance of the State of New York, Appellant. [601 NYS2d 168] —In an action for a judgment declaring that the plaintiffs' "Automobile Agreement" is not a contract of insurance within the meaning of Insurance Law § 1101 (a) (1), the defendant appeals from so much of a judgment of the Supreme Court, Nassau County (Christ, J.), entered May 15, 1990, as granted his cross motion dated November 13, 1989, for summary judgment on his counterclaims seeking, among other things, to enjoin the plaintiffs from marketing the subject contract and imposing fines and penalties under the Insurance Law only to the extent of declaring that the Automobile Agreement is a contract of insurance.

Ordered that the judgment is modified, on the law, by adding to the third decretal paragraph, after the phrase "Insurance Law", the phrase "and is declared to have been marketed by the plaintiffs"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

The plaintiffs Harold Ecker and Trans American Motorist Mutual, Inc., who are unlicensed to sell insurance in the State of New York, commenced this action for a judgment declaring that an "Automobile Agreement" which they allegedly intended to market was not an insurance contract within the meaning of Insurance Law § 1101 (a) (1). The counterclaims of the defendant Superintendent of Insurance of the State of New York alleged, among other things, violations of the Insurance Law, and sought fines, penalties, and restitution for consumers. The Superintendent based his counterclaims upon subpoenaed business records of the plaintiffs and consumer complaints which indicated that the plaintiffs had already marketed and sold the subject Automobile Agreement prior to initiating this action. The plaintiffs had previously pleaded guilty to the misdemeanor of unlawful sale of insurance in 1987, in connection with their marketing of a contract similar to the subject agreement.

Upon the plaintiffs' motion for summary judgment, the Superintendent cross-moved for summary judgment upon his seven counterclaims. The Supreme Court denied the plaintiffs'

motion, granted the Superintendent's cross motion only to the extent of declaring that the Automobile Agreement was in fact a contract of insurance, and severed those counterclaims.

In opposing the Superintendent's cross motion for summary judgment, the plaintiffs did not submit a sworn statement based upon personal knowledge to deny that they marketed the subject Automobile Agreement. Accordingly, we find that there are no issues of fact in this regard, and we thus declare that the plaintiffs marketed the Automobile Agreement. However, upon review of the record, we find that summary judgment on the balance of the relief requested by the defendant is inappropriate, and that the remainder of the seven counterclaims were properly severed by the Supreme Court. It has been stated that "[t]he proponent of a [motion for summary judgment is required to] make a prima facie showing of entitlement to judgment as a matter of law [offering] sufficient evidence to eliminate any material issue of fact from the case" *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). The failure to make such a showing requires the denial of summary judgment on the defendant's seven counterclaims, "regardless of the [in]sufficiency of the opposing papers" *(Winegrad v New York Univ. Med. Ctr., supra,* at 853; *see, Donatin v Sea Crest Trading Co.,* 181 AD2d 654, 655). Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.