■ ORLANDO ALVAREZ et al., Respondents, v JAMNICK REALTY CORP. et al., Appellants. [687 NYS2d 671] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Garson, J.), dated July 14, 1998, which denied their motion for summary judgment and granted the plaintiffs' cross motion to strike the affirmative defense that the plaintiffs' exclusive remedy is Workers' Compensation.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment in favor of the defendant James Murtha, and substituting therefor a provision granting that branch of the motion, dismissing the complaint insofar as asserted against the defendant James Murtha, and severing the action against the remaining defendant, and (2) deleting the provision thereof granting the plaintiffs' cross motion, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the appellants.

The plaintiff Orlando Alvarez, an employee of Tru-Tone Metal Products, Inc. (hereinafter Tru-Tone), was allegedly injured at work when he slipped and fell due to a defective condition at the work site. Tru-Tone was the sole tenant of the building where the injury occurred. The building was owned by the defendant Jamnick Realty Corp. (hereinafter Jamnick). The defendant James Murtha is the sole shareholder of both Tru-Tone and Jamnick. After the injured plaintiff received Workers' Compensation benefits through Tru-Tone, the plaintiffs commenced this action based, *inter alia*, on the defendants' failure to maintain the premises.

The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint as barred by the exclusivity provision of the Workers' Compensation Law and granted the plaintiffs' cross motion to strike the affirmative defense that the plaintiffs' exclusive remedy is Workers' Compensation.

Murtha made a prima facie showing of entitlement to summary judgment and no triable issue of fact was raised that he held any interest in the premises so as to render him liable for the injuries sustained by the plaintiff Orlando Alvarez (*see, Zuckerman v City of New York,* 49 NY2d 557, 562-563; CPLR 3212 [b]). Accordingly, summary judgment dismissing the complaint insofar as asserted against Murtha should have been granted.

Although the defendants presented some evidence that the two corporations, Tru-Tone and Jamnick, were related, that evidence fell short of establishing the defendants' entitlement to judgment as a matter of law. There exists a triable issue of fact as to whether Jamnick was such an "alter ego" of Tru-Tone as to warrant a finding that it is entitled to a defense of Workers' Compensation (*see, Donatin v Sea Crest Trading Co.,* 181 AD2d 654; *cf., Mattarelliano v Moish Gas Stas.,* 242 AD2d 685). In light of this issue of fact, the Supreme Court improperly granted the plaintiffs' cross motion to strike the affirmative defense of Workers' Compensation. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.