■ BARBARA DENNIHY et al., Respondents, v EPISCOPAL HEALTH SERVICES, INC., et al., Appellants, et al., Defendant. [724 NYS2d 768] —In an action to recover damages for personal injuries, etc., the defendant Episcopal Health Services, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 1, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, with leave to renew after the completion of discovery, and the defendant St. John's Episcopal Hospital appeals from the same order.

Ordered that the appeal by the defendant St. John's Episcopal Hospital is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Episcopal Health Services, Inc.; and it is further,

Ordered that the respondents are awarded one bill of costs payable by the defendant Episcopal Health Services, Inc.

The plaintiff Barbara Dennihy (hereinafter the plaintiff) was injured during the course of her employment with the defendant St. John's Episcopal Hospital in Smithtown. She commenced this personal injury action against, among others, St. John's Episcopal Hospital and Episcopal Health Services, Inc. (hereinafter the appellant), the owner of the hospital. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it alleging that it was the plaintiff's joint employer because, as the parent company, it owned and controlled the daily operations of St. John's Episcopal Hospital. The appellant contends that the action therefore was barred insofar as asserted against it by the exclusivity provisions of

the Workers' Compensation Law (see, Workers' Compensation Law § 11; *Claudio v Lefrak,* 100 AD2d 837; *Cunningham v State of New York,* 60 NY2d 248). The Supreme Court denied the motion with leave to renew after the completion of discovery. We affirm.

A parent corporation may be deemed to be an employer of an employee of a subsidiary corporation for Workers' Compensation purposes if the subsidiary functions as the alter ego of the parent. However, the parent corporation must exercise complete domination and control of the subsidiary's *day-to-day* operations (see, *Smith v Roman Catholic Diocese,* 252 AD2d 805, 806).

Here, the appellant failed to present a prima facie case that it exercised complete control over the day-to-day operations of St. Johns Hospital, the plaintiff's employer. Although the appellant presented some evidence that the two entities were related, and that the plaintiff applied for and received benefits under a joint policy providing workers' compensation insurance, there are triable issues of fact as to whether the parent corporation exercised such control as to entitle it to raise the defense of the exclusivity of Workers' Compensation (see, *Alvarez v Jamnick Realty Corp.,* 260 AD2d 328; *cf., Kaplan v Bayley Seton Hosp.,* 201 AD2d 461). Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.