■ JUANITA CRUCETA et al., Respondents, v FUNNEL EQUITIES, INC., Appellant. [730 NYS2d 531] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 1, 2000, which denied its motion for summary judgment dismissing the complaint on the ground that the ac-

tion is barred by the exclusivity provision of Workers' Compensation Law § 29 (6).

Ordered that the order is affirmed, with costs.

On December 26, 1997, at approximately 4:30 P.M., the plaintiff Juanita Cruceta, an employee of Waldbaum, Inc. (hereinafter Waldbaum), tripped and fell on a broken step as she was leaving work at Waldbaum's warehouse and corporate offices in Central Islip. Cruceta then made a claim against Waldbaum for benefits pursuant to the Workers' Compensation Law. Waldbaum is a wholly-owned subsidiary of the Great Atlantic & Pacific Tea Co., Inc. (hereinafter A&P).

Cruceta and her husband, Qulvio Cruceta, commenced the instant action, *inter alia*, to recover damages for personal injuries against the building owner, the defendant Funnel Equities, Inc. (hereinafter Funnel), a wholly-owned subsidiary of Waldbaum. In its answer, Funnel asserted as an affirmative defense that Workers' Compensation was the exclusive remedy, as it is an alter ego of Waldbaum.

Funnel moved for summary judgment dismissing the complaint on the ground that the action is barred by the exclusivity provision of Workers' Compensation Law § 29 (6). The Supreme Court properly denied the motion, as Funnel failed to establish its prima facie entitlement to judgment as a matter of law. There are factual issues as to whether Funnel is an "alter ego" of Waldbaum and A&P (*see, Alvarez v Jamnick Realty Corp.,* 260 AD2d 328; *Donatin v Sea Crest Trading Co.,* 181 AD2d 654) and whether Funnel had exclusive knowledge of the facts concerning its alleged status (*see, Ellis v Allstate Ins. Co.,* 151 AD2d 543, 544). We note that the Supreme Court erred in prematurely determining that Funnel, Waldbaum, and A&P were distinct entities in light of the factual issues herein.

Funnel's remaining contentions are without merit. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.