■ LEONARD CONSTANTINE, Appellant, v PREMIER CAB CORP., Respondent. [743 NYS2d 516] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), entered April 24, 2001, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

The plaintiff alleges that on March 19, 1996, he was injured while unloading a vehicle owned by the defendant and leased to his employer, Millar Elevator, Inc. (hereinafter Millar). Upon finding that the defendant presented sufficient evidence demonstrating that both it and Millar were subsidiaries of Schindler Elevator Corporation (hereinafter Schindler), the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff's recovery for the accident was limited to workers' compensation. The plaintiff appeals. We reverse.

Generally, the sole remedy of an employee injured in the course of employment against his or her employer is recovery under the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152). It is established that "[a] parent corporation may be deemed to be an employer of an employee of a subsidiary corporation for Workers' Compensation purposes if the subsidiary functions as the alter ego of the parent" (*Dennihy v*

*Episcopal Health Servs.,* ·283 AD2d 542, 543; *see Ploszaj v Cooper Tank & Welding Corp.,* 213 AD2d 385). Here, although the defendant submitted affidavits which established that it, Millar, and Schindler were related entities, this evidence failed to demonstrate Schindler's control, if any, over the day to day operations of either the defendant or Millar. Therefore, the defendant failed to establish the applicability of the exclusivity provisions of the Workers' Compensation Law (*see Cruceta v Funnel Equities,* 286 AD2d 747; *Dennihy v Episcopal Health Servs., supra; Alvarez v Jamnick Realty Corp.,* 260 AD2d 328; *Donatin v Sea Crest Trading Co.,* 181 AD2d 654). Moreover, there are factual issues regarding whether the defendant had exclusive knowledge of the facts regarding its alleged status as an alter ego of Schindler (*see Cruceta v Funnel Equities, supra; Burt Millwork Corp. v Irpinia Constr. Corp.,* 173 AD2d 433; *Ellis v Allstate Ins. Co.,* 151 AD2d 543).

Certain documents submitted by the defendant in support of its position are not properly before this Court, since they were either submitted for the first time with its reply papers (*see Klimis v Lopez,* 290 AD2d 538; *Wright v Cetek Tech., Inc.,* 289 AD2d 569; *Feratovic v Lun Wah, Inc.,* 284 AD2d 368; *Voytek Tech. v Rapid Access Consulting,* 279 AD2d 470), or, as the defendant concedes, were never submitted to the Supreme Court (*see* CPLR 5526; *cf. Boyar v Goodman,* 202 AD2d 541).

Since the defendant failed to demonstrate the absence of factual issues, its motion for summary judgment should have been denied (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

In light of our determination, the parties' remaining contentions are academic. Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.