◼ Linda Mournet, Respondent, v Educational and Cultural Trust Fund of the Electrical Industry, Appellant, et al., Defendant. [756 NYS2d 433] —In an action to recover damages for personal injuries, the defendant Educational and

Cultural Trust Fund of the Electrical Industry appeals from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 24, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when she slipped and fell in front of premises located in Flushing, Queens, owned and partly occupied by the defendant Educational and Cultural Trust Fund of the Electrical Industry (hereinafter ECT). The plaintiff's employer, the defendant Prudential Recreation Corp., doing business as JIB Lanes (hereinafter JIB), leased space at the premises from ECT. The plaintiff commenced the instant action to recover damages for personal injuries against her employer and ECT. In its answer, ECT asserted as an affirmative defense that workers' compensation was the plaintiff's exclusive remedy, as it is an alter ego of the plaintiff's employer. ECT moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the action is barred by the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6), (17).

The Supreme Court properly denied the motion, as ECT failed to establish its prima facie entitlement to judgment as a matter of law. Although a representative of ECT submitted an affidavit which established that it and JIB were related entities, this evidence failed to demonstrate JIB's control, if any, over the day-to-day operations of ECT. Therefore, ECT failed to establish the applicability of the exclusivity provisions of the Workers' Compensation Law (see Cruceta v Funnel Equities, 286 AD2d 747 [2001]; Dennihy v Episcopal Health Servs., 283 AD2d 542, 543 [2001]; Constantine v Premier Cab Corp., 295 AD2d 303, 304 [2002]). Summary judgment was also properly denied on the ground that ECT had exclusive knowledge of some of the facts regarding its alleged status as an alter ego of JIB (see Cruceta v Funnel Equities, supra; Ellis v Allstate Ins. Co., 151 AD2d 543 [1989]), thus warranting further discovery by the plaintiff. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.