■ ROSA RIVERA et al., Appellants, v MARY IMMACULATE HOSPITAL ASSOCIATION, Respondent. [760 NYS2d 341] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (R.E. Rivera, J.), dated March 11, 2002, which granted the defendant's motion to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

In support of that branch of its motion which was to dismiss this action as barred by the exclusivity provisions of the Workers' Compensation Law, the defendant failed to proffer competent evidence in admissible form that, at the time of the underlying accident, the owner of the building and the injured plaintiff's employer were the same entity or were separate entities that were mere alter egos of one another (*see* Workers' Compensation Law § 11; *Constantine v Premier Cab Corp.,* 295 AD2d 303 [2002]; *Kramps v Goldbetter,* 292 AD2d 571 [2002]; *Cruceta v Funnel Equities,* 286 AD2d 747 [2001]; *Kuznetz v County of Nassau,* 229 AD2d 476 [1996]). Thus, on this record, dismissal of the action on that ground was not warranted.

The defendant did not proffer competent evidence in admissible form as to any other basis to dismiss the action. Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.