■ Jose L. DeJesus, Respondent, v Henry Todaro, Jr., et al., Appellants, et al., Defendants. [768 NYS2d 333]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered January 28, 2003, which, in an action for .personal injuries sustained by a worker on premises leased to his employer H.T. Sales Company, Inc. (HT Co.) and owned at the time of the accident either by the individual defendant-appellant (Todaro) or the corporate defendant-appellant (Todaro Properties), inter alia, denied defendants-appellants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The motion was properly denied as against the individual defendant since his affidavits in support thereof, asserting that he was not only the owner of the premises at the time of the accident but also the president of HT Co., and therefore plaintiff's coemployee against whom plaintiff's exclusive remedy is workers' compensation (see *Medrano v Pritchard Indus.*, 298 AD2d 271 [2002]), lacks documentary support conclusively demonstrating the claimed employment relationship (see *Goshen v Mutual Life Ins. Co.*, 98 NY2d 314, 326 [2002]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 318 [1987]; *Rivera v Mary Immaculate Hosp. Assn.*, 306 AD2d 265 [2003]). Concerning Todaro Properties, issues of fact exist as to whether, inter alia, it owned

or managed the property on the date of the accident and whether it and Todaro are alter egos (*cf. Donatin v Sea Crest Trading Co.*, 181 AD2d 654 [1992]). We have considered appellants' other arguments and find them unavailing. Concur— Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.