■ RAMON ALMONTE et al., Respondents, v WESTERN BEEF, INC., et al., Respondents, and WESTERN BEEF-METROPOLITAN AVENUE, INC., et al., Appellants. [800 NYS2d 739]—

In a consolidated action, inter alia, to recover damages for personal injuries, etc., the defendants Western Beef-Metropolitan Avenue, Inc., and Western Beef Retail, Inc., appeal from an order of the Supreme Court, Westchester County (Barone, J.), dated January 9, 2003, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant Western Beef-Metropolitan Avenue, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, the complaint and all cross claims are dismissed insofar as asserted against Western Beef-Metropolitan Avenue, Inc., and the action against the remaining defendants is severed.

On August 20, 1999, the plaintiff Ramon Almonte was injured when his hand became caught in a garbage compactor while at work in a Bronx supermarket. Shortly after the accident, the injured plaintiff applied for and obtained workers' compensation benefits as an employee of Western Beef, Inc. (hereinafter

Western Beef). The injured plaintiff and his wife subsequently commenced actions, subsequently consolidated, against several parties including Western Beef and two related corporations, Western Beef Retail, Inc. (hereinafter Western Beef Retail), and Western Beef-Metropolitan Avenue, Inc. (hereinafter Western Beef-Metropolitan). Thereafter, by order dated July 23, 2001, the Supreme Court granted Western Beef's motion to dismiss the complaint insofar as asserted against it upon the ground that it was barred by the exclusivity provisions of the Workers' Compensation Law.

Over one year later, the defendants Western Beef Retail and Western Beef-Metropolitan jointly moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Western Beef Retail claimed that the action against it was barred by the Workers' Compensation Law because it was actually the injured plaintiff's employer, while Western Beef-Metropolitan maintained that it had been dissolved by merger prior to the subject accident. In opposition to the motion, the plaintiffs submitted documentary evidence that the injured plaintiff had applied for workers' compensation benefits as an employee of Western Beef rather than Western Beef Retail, and that Western Beef was the corporate entity that paid his salary. Western Beef Retail then countered by arguing, in the reply affirmation of its attorney, that the plaintiffs' submissions raised an issue of fact as to whether it was entitled to the workers' compensation defense because the injured plaintiff was a dual employee of two alter ego corporations. The Supreme Court denied the motion in its entirety, concluding that Western Beef Retail had failed to submit evidentiary proof that it was the injured plaintiff's employer.

On appeal, Western Beef Retail contends that it was entitled to summary judgment dismissing the action and all cross claims asserted against it because it established, as a matter of law, that it was an alter ego of its parent corporation Western Beef. Since this issue was raised for the first time in the reply affirmation of Western Beef Retail's attorney, it is not properly before this Court (see Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677 [2005]; Matter of Ramsey v City of New York, 8 AD3d 392 [2004]; McCarthy v City of New York, 5 AD3d 445 [2004]; Johnston v Continental Broker-Dealer Corp., 287 AD2d 546 [2001]). In any event, Western Beef Retail was not entitled to summary judgment upon the ground that it is an alter ego of Western Beef because it failed to submit sufficient evidence to demonstrate, as a matter of law, that its parent corporation exercises complete domination and control of its day-to-day

operations (*see Longshore v Davis Sys. of Capital Dist.*, 304 AD2d 964 [2003]; *Mournet v Educational & Cultural Trust Fund of Elec. Indus.*, 303 AD2d 474 [2003]; *Constantine v Premier Cab Corp.*, 295 AD2d 303 [2002]; *Cruceta v Funnel Equities*, 286 AD2d 747 [2001]; *Dennihy v Episcopal Health Servs.*, 283 AD2d 542 [2001]).

However, the Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Western Beef-Metropolitan, since it is undisputed that that corporate entity was dissolved by merger prior to the injured plaintiff's accident (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152 [1980]).

Western Beef Retail's remaining contention is without merit. Prudenti, P.J., Adams, Krausman and Spolzino, JJ., concur.