■ Jose L. DeJesus, Respondent, v Henry Todaro, Jr., et al., Appellants, et al., Defendants. [852 NYS2d 96]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered June 8, 2006, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting defendant Henry Todaro, Jr.'s motion for summary judgment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

On August 7, 2001, while working for HT Sales Company, plaintiff was injured while loading stock onto a street-level freight elevator at 718-720 Tenth Avenue. The elevator malfunctioned and quickly dropped to the cellar, causing plaintiff severe and permanent injuries. A few months after the accident, plaintiff began receiving workers' compensation benefits. Plaintiff thereafter commenced this action against defendants Henry Todaro, Jr. (Todaro), Todaro Properties and "XYZ Corporation," alleging that defendants negligently owned, managed and maintained the building and the elevator involved in the accident.

Defendants Todaro and Todaro Properties moved to dismiss the action. Todaro Properties argued that it was not the owner, operator and/or manager of the building in question on the date of the accident, and in support of that argument submitted a copy of a deed for the property indicating that ownership was transferred to it on the day after plaintiff's accident. However, the deeds as typed dated the transfer of ownership in May, but these typewritten entries were crossed out and "August" was handwritten in place.[1] Moreover, Todaro testified that Todaro Properties did not own the premises at the time of the accident.

Plaintiff raises issues of fact as to whether Todaro Properties owned or managed the building on the date of plaintiff's accident: (1) The handwritten correction on the deed conveniently placed ownership of the building with Todaro Properties one day after plaintiff's accident; (2) Todaro testified that even though Todaro Properties was formed in 1999 for the purpose of taking ownership in the building, it had no assets, nor did it

---

1. While the building is a single entity, there are in fact two deeds, one for 718 Tenth Avenue, New York, N.Y. and the other for 720 Tenth Avenue, New York, N.Y.

conduct any business until the alleged transfer of the premisses on the day after plaintiff's accident; (3) the New York Department of State lists the premises as the mailing address for service of process on Todaro Properties.[2]

Todaro Properties does not contend that it is entitled to any of the protections otherwise provided by the Workers' Compensation Law. The existence of material alterations on the face of each deed, the failure of Todaro Properties to provide any competent evidence from the attorney who prepared these deeds as to the source of these alterations or the notary who took Todaro's signature, coupled with the timing of the transfer of the property in relation to this accident all raise genuine factual questions which cannot be resolved on a motion for summary judgment. Accordingly, the motion for summary judgment dismissing the claims against Todaro Properties LLC was properly denied.

However, as a matter of law, plaintiff cannot sustain a viable cause of action against Todaro and, therefore, the claims against him should be dismissed. Whatever interpretation is applied to the evidence submitted in support of Todaro's motion for summary judgment, only two conclusions are possible as to the status of his relationship with plaintiff at the time of the accident. Either both were employed by HT Sales Co., Inc. (Todaro as its president and sole shareholder and plaintiff as the firm's shipping manager), or Todaro was plaintiff's employer. No other conclusion is possible from any rational view of the evidence. If Todaro was plaintiff's coemployee or his employer at the time of the accident, the exclusivity provisions of the Workers' Compensation Law apply and as a matter of law, plaintiff's causes of action must be dismissed (*see* Workers' Compensation Law § 29 [6]; § 11).[3]

In addition, if one is to accept Todaro's claim that he owned the building on the date of the accident, his obligation as owner to maintain a safe premises is indistinguishable from his duty as owner of the business to maintain a safe workplace for his

---

**2.** While this court previously held that a question of fact did indeed exist as to whether Todaro Properties "owned or managed the property on the date of the accident," that appeal focused on whether plaintiff's complaint set forth a viable cause of action pursuant to CPLR 3211, and not whether a motion for summary judgment should be granted (*DeJesus v Todaro*, 2 AD3d 282, 282-283 [2003]).

**3.** While plaintiff questions the legitimacy of HT Sales Co., Inc. as a viable entity, defendants did produce, in support of their motion, a certificate of incorporation on behalf of the company on file with the Department of State, as well as unsigned corporate tax returns listing both Todaro and plaintiff as employees, that it claims were filed in 2001.

employees (*Heritage v Van Patten*, 59 NY2d 1017, 1019 [1983]; *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 158-159 [1980]; *Concepcion v Diamond*, 224 AD2d 189 [1996]). While residential tenants of the building have on occasion used the elevator, the fact remains that it was a commercial elevator primarily used by the hardware store to transport commercial materials to and from the building's basement. It is uncontroverted that when the accident occurred plaintiff was working as an employee at a work site controlled by his employer and was using the elevator in the execution of his employment responsibilities (*see Macchirole v Giamboi*, 97 NY2d 147 [2001]; *Kinsman v McGill*, 210 AD2d 659 [1994]; *cf Cusano v Staff*, 191 AD2d 918 [1993]). Accordingly, Todaro's motion for summary judgment should have been granted. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and Kavanagh, JJ.