“The defense afforded to employers by the exclusivity provisions of the Workers’ Compensation Law may also extend to suits brought against an entity which is found to be the alter ego of the corporation which employs the plaintiff’ (Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d 522, 522-523 [2008]; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 594-595 [2010]; Hageman v B & G Bldg. Servs., LLC, 33 AD3d 860, 861 [2006]). Here, although the defendants submitted some evidence that several of the defendants and the plaintiffs employer were related entities, the evidence did not establish the defendants’ entitlement to judgment as a matter of law (see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 595; Hageman v B & G Bldg. Servs., LLC, 33 AD3d at 861; Alvarez v Jamnick Realty Corp., 260 AD2d 328, 329 [1999]; Donatin v Sea Crest Trading Co., 181 AD2d 654, 655 [1992]). The defendants’ submissions revealed the existence of triable issues of fact as to whether the defendants’ relationships with the plaintiffs employer entitled them to rely upon the workers’ compensation defense (see Hageman v B & G Bldg. Servs., LLC, 33 AD3d at 861-862; Alvarez v Jamnick Realty Corp., 260 AD2d at 329; Donatin v Sea Crest Trading Co., 181 AD2d at 655).
*712 Accordingly, that branch of the defendants’ motion which was for summary judgment dismissing the complaint was properly denied.
The defendants’ remaining contentions are without merit. Florio, J.P., Balkin, Hall and Miller, JJ, concur.