■ WARREN REDLICH, Respondent, v ROGER STONE et al., Appellants, et al., Defendants. [55 NYS3d 651]—

Order, Supreme Court, New York County (Richard F. Braun,

J.), entered April 22, 2016, which, inter alia, denied the respective motions of defendant Carl Paladino and defendants Roger Stone and Michael Caputo for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff, a 2010 gubernatorial candidate, commenced this defamation action against, among others, Stone, who was working on the campaign of one of plaintiff's opponents, defendant Kristin Davis, and against Caputo, the campaign manager for defendant Paladino. The action arose from a "Sexual Predator Alert" sent to New York residents in advance of the election, which claimed that plaintiff was a "sick twisted pervert" who "constitutes a public danger," and urged people to call the police if they saw him. A group called "People for a Safer New York" took responsibility for the mailer. Plaintiff alleged that defendants orchestrated the mailer in a concerted effort to cause him reputational harm, and to improve their odds in the 2010 gubernatorial election.

Contrary to defendants' contentions, plaintiff raised triable issues of fact in opposition to their sworn denials that they had any involvement in the offensive mailer. The record includes evidence that the offensive mailer was mailed contemporaneously with a campaign mailing from Davis, and shared the same postal permit number on Staten Island, thereby raising an issue of fact as to whether defendants were involved with the subject mailer. Plaintiff also submitted an affidavit from a journalist who interviewed Stone and quoted him as saying that he "urged" People for a Safer New York to send the mailer, a fact that Stone did not deny at his deposition. The financial filing of Paladino's campaign, and numerous emails, reveal the close entanglements both financially and strategically between defendants, all of which raise questions of fact as to defendants' involvement in the mailer.

Furthermore, although it was notarized in Florida and lacked a certificate of conformity pursuant to CPLR 2309 (c), the motion court properly considered plaintiff's affidavit in opposition (see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda, 68 AD3d 672, 673 [1st Dept 2009]). In his affidavit, plaintiff stated that Stone admitted to him in 2014 that he and the other defendants orchestrated the subject mailer, thus creating a credibility issue that should not be resolved on summary judgment (see Staley El. Co. v Kubacka, 188 AD2d 252, 253 [1st Dept 1992]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Mazzarelli, Web-

ber, Kahn and Kern, JJ.