■ Luis Cortes, Appellant, v Skanska USA Civil Northeast, Inc., Respondent, et al., Defendant. [61 NYS3d 890]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 6, 2016, which, upon reargument, granted defendant Skanska USA Civil Northeast, Inc.'s motion to dismiss and for summary judgment dismissing the complaint as against it, and denied as academic plaintiff's motion for partial sum-

mary judgment on his Labor Law §§ 240 (1) and 241 (6) claims, unanimously affirmed, without costs.

As it is undisputed that plaintiff's fall off a stair tower occurred during the scope of his employment with Phoenix Constructors, a joint venture, and that defendant Skanska is a member of the joint venture, plaintiff's exclusive remedy against Skanska is workers' compensation (*see Burlew v American Mut. Ins. Co.*, 63 NY2d 412, 416 [1984]; *Felder v Old Falls Sanitation Co.*, 39 NY2d 855 [1976]).

Plaintiff's reliance upon *Samuel v Fourth Ave. Assoc., LLC* (75 AD3d 594 [2d Dept 2010]) and *Mournet v Educational & Cultural Trust Fund of Elec. Indus.* (303 AD2d 474 [2d Dept 2003]) is misplaced, since these cases turned on whether the defendant was an alter ego of the employer so as to be entitled to invoke the exclusivity provisions of the Workers' Compensation Law. To the extent plaintiff argues that the exclusivity provisions do not apply here because Skanska purportedly owed him a duty independent of its capacity as a member of the joint venture, the Court of Appeals has rejected this argument as "fundamentally unsound" (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 159 [1980]). "[A]n employer remains an employer in his relations with his employees as to all matters arising from and connected with their employment. He may not be treated as a dual legal personality, 'a sort of Dr. Jekyl and Mr. Hyde' " (*id.* at 160). Concur—Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.