Matthews v Bright Star Messenger Ctr., LLC (2019 NY Slip Op 04375)





Matthews v Bright Star Messenger Ctr., LLC


2019 NY Slip Op 04375


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-13116
 (Index No. 503791/13)

[*1]Faunaude Matthews, respondent, 
v
Bright Star Messenger Center, LLC, appellant, et al., defendants.


Gallo Vitucci Klar, LLP, New York, NY (Kimberly A. Ricciardi of counsel), for appellant.
Law Office of Bryan J. Swerling, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Bright Star Messenger Center, LLC, appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 8, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
According to the plaintiff, he was hired by the defendant Bright Star Messenger Center, LLC (hereinafter the appellant), and then assigned to work for the defendant Metropolitan Data Corp. (hereinafter Metro Data). The plaintiff subsequently was injured when he fell at the offices of the defendant Metropolitan Museum of Art, which was a client of Metro Data. The plaintiff commenced this action to recover damages for personal injuries. Prior to the completion of discovery, the appellant moved for summary judgment dismissing the complaint insofar as asserted against it based on the exclusivity provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29[6]). The Supreme Court denied the motion.
Section 11 of the Workers' Compensation Law provides that "[t]he liability of an employer prescribed by [Workers' Compensation Law § 10] shall be exclusive and in place of any other liability whatsoever" to the injured employee, except in those cases in which the employer has failed to secure workers' compensation coverage (see also Workers' Compensation Law § 29[6]).
Here, contrary to the appellant's contention, it failed to make a prima facie showing that it was the plaintiff's general employer. The appellant submitted the affidavit of a representative of the appellant, who stated that the plaintiff was employed by the appellant on the date of the accident, and that the appellant had procured workers' compensation insurance for the plaintiff. However, the appellant also submitted Workers' Compensation Board records showing that the plaintiff had filed a claim for benefits that listed the plaintiff's employer as "Bright Star Courier." Under these circumstances, the appellant failed to demonstrate, prima facie, that it was the plaintiff's general employer (see Vita v New York Waste Servs., LLC, 34 AD3d 559, 559-560; Rivera v Mary Immaculate Hosp. Assn., 306 AD2d 265). While the appellant submitted a reply affidavit from its representative averring that Bright Star Courier had changed its name to Bright Star Messenger [*2]Center, LLC, prior to the accident, a party cannot sustain its prima facie burden by relying on evidence submitted for the first time in its reply papers (see Refuse v Wehbeh, 167 AD3d 956, 959; Troia v City of New York, 162 AD3d 1089, 1093; Lorde v Margaret Tietz Nursing & Rehabilitation Ctr., 162 AD3d 878, 879). The appellant's failure to make a prima facie showing of its entitlement to judgment as a matter of law required the denial of its motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The appellant's remaining contention is not properly before this Court.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court