■ JAMES K. GREEN et al., Appellants, v HOWARD INGBER et al., Doing Business as H. R. B. INGBER, Defendants and Third-Party Plaintiffs, and MAC INGBER, Defendant-Respondent. SERVICE SCAFFOLD, INC., Third-Party Defendant-Respondent. — Appeal from that part of an order of the Supreme Court at Special Term, entered October 15, 1979 in Sullivan County, which denied plaintiffs' motion to dismiss affirmative defenses asserted by defendant Mac Ingber and third-party defendant Service Scaffold, Inc. On August 13, 1973, plaintiff James K. Green was injured while working on the construction of a townhouse project in South Fallsburg, New York. The property upon which the townhouse was being constructed was owned by defendant Mac Ingber. Defendants Howard Ingber, Brian Ingber and Rose Ingber, doing business as H. R. B. Ingber, were in charge of the actual construction. The third-party defendant, Service Scaffold, Inc., supplied materials and equipment. After a hearing on October 13, 1977, the Workers' Compensation Board ultimately found that plaintiff's employer at the time of his injury was H. R. B. Ingber. In amended answers, defendant Mac Ingber and third-party defendant Service Scaffold, Inc., raised the affirmative defense that defendants H. R. B. Ingber and Mac Ingber and the third-party defendant were joint venturers and were, therefore, insulated from tort liability by section 11 of the Workers' Compensation Law (see *Felder v Old Falls Sanitation Co.*, 47 AD2d 977, affd 39 NY2d 855). Plaintiff then moved to have the affirmative defenses dismissed on the ground that the board's decision that H. R. B. Ingber was plaintiff's employer precluded a finding of joint venture among defendants and the third-party defendant. Special Term disagreed and found that the issue of whether these parties were engaged in a joint venture was never raised or litigated before the board and thus was a factual issue to be resolved at trial. This appeal ensued. We recognize that an administrative board's decision may have the binding effect of collateral estoppel on our courts so long as it was within the agency's power to determine the specific issue at hand (see Siegel, New York Practice, § 456, pp 603-604). However, the *sine qua non* to the invocation of the collateral estoppel doctrine is that the "issue on which collateral estoppel is sought is the same as the one disposed of in the earlier action" (Siegel, New York Practice, § 462, p 610). In the instant case, the finding of the board that H. R. B. Ingber was plaintiff's employer is not a determination of the issue of whether a joint venture existed. Nor is the finding of the absence of a joint venture an integral or necessary element in the determination that H. R. B. Ingber was plaintiff's employer. Accordingly, the issue of joint venture must be tried. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane and Mikoll, JJ., concur.

Casey, J., concurs in part and dissents in part in the following memorandum. Casey, J. (concurring in part and dissenting in part). While I agree with the majority that the question of whether a joint venture existed was not litigated before the board, in my view Special Term erred with regard to the third-party defendant Service Scaffold, Inc., and the order should be modified accordingly. The joint venture issue is relevant only insofar as it relates to the affirmative defense created by section 11 of the Workers' Compensation Law, and its relevance here arises due to the board's finding

that defendants Howard Ingber, Brian Ingber and Rose Ingber, doing business as H. R. B. Ingber, were plaintiff's employers. Standing alone, such a determination should not preclude the remaining defendants from asserting that they, too, were plaintiff's employers on the theory that they were joint venturers with H. R. B. Ingber. However, in a decision dated May 6, 1975 the board had originally found third-party defendant Service Scaffold, Inc., to be plaintiff's employer. Thereafter, apparently at the request of Service Scaffold, Inc., a new hearing was held, and the board rescinded its May 6, 1975 decision and ruled that H. R. B. Ingber was plaintiff's employer. Implicit in this decision is the finding that Service Scaffold, Inc., was not plaintiff's employer. Accordingly, since Service Scaffold, Inc., has been determined not to be plaintiff's employer, the joint venture issue as to it is irrelevant and plaintiff's motion to strike the affirmative defense of Service Scaffold, Inc., should have been granted.