■ ROBERT MITCHELL, Respondent, v A.F. ROOSEVELT AVENUE CORP. et al., Appellants. [615 NYS2d 707] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Held, J.), dated October 30, 1992, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as it is asserted against the defendants 149 Roosevelt Avenue Associates and TTF Roosevelt Avenue Corp. on the ground that workers' compensation was the plaintiff's exclusive remedy.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the complaint insofar as it is asserted against the defendants 149 Roosevelt Avenue Associates and TTF Roosevelt Avenue Corp. are granted, and the complaint is dismissed in its entirety.

The plaintiff was injured on a construction job. After receiving workers' compensation benefits upon a claim listing A.F. Roosevelt Avenue Corp. as his employer, the plaintiff commenced this suit to recover for his personal injuries against A.F. Roosevelt Avenue Corp., 149 Roosevelt Avenue Associ-

ates, and TTF Roosevelt Avenue Corp. Thereafter, the defendants moved for summary judgment, claiming that they were all joint venturers, and that the plaintiff was barred from suing them under the exclusive remedy provisions of the Workers' Compensation Law. The Supreme Court granted the motion only as to the defendant A.F. Roosevelt Avenue Corp.

The Workers' Compensation Board's determination that A.F. Roosevelt Corp. was the plaintiff's employer is final and binding (see, Workers' Compensation Law § 20). However the codefendants, who were not named in the plaintiff's workers' compensation claim, are not barred by principles of collateral estoppel from asserting that they are also the plaintiff's employers because TTF Roosevelt Avenue Corp. is a partner with A.F. Roosevelt Avenue Corp. in a joint venture called 149 Roosevelt Avenue Associates (see, Green v Ingber, 80 AD2d 928).

The defendants' partnership agreement, payroll records and tax statements, along with the deposition testimony of one of the principals of the joint venture, sufficiently proved that there was no material issue of fact that the defendants were joint venturers with each other. The defendants clearly demonstrated that there was intent to engage in a certain project, with each joint venturer contributing and sharing an equal amount in investment, profit and loss, proprietary interest, and managerial responsibilities (see, Gramercy Equities Corp. v Dumont, 72 NY2d 560, 565). Where there is more than one employer in a joint venture, an employee working for one employer is considered an employee of the other employers in the joint venture (see, Felder v Old Falls Sanitation Co., 39 NY2d 855, 856). Thus, the plaintiff's exclusive remedy against the joint venture is workers' compensation (see, Felder v Old Falls Sanitation Co., supra, at 855; Poppenberg v Reliable Maintenance Corp., 89 AD2d 791, 792). Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.