■ Scot D. Thompson, Plaintiff, v Bernard G. Janowitz Construction Corp., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. Shore To Shore Carpentry, Inc., Third-Party Defendant-Respondent. [754 NYS2d 50] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered March 4, 2002, as granted the cross motion of the defendant third-party defendant for summary judgment dismissing its causes of action in the third-party complaint to recover damages for contribution and indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

Shore To Shore Carpentry, Inc. (hereinafter Shore), made out a prima facie case that it was the alter ego of AFG Contracting Company (hereinafter AFG), the plaintiff's employer, and thus, entitled to assert the immunity conferred by the Workers' Compensation Law as a bar to the third-party causes of action. The evidence submitted showed that the shares of Shore and AFG are owned by the same two stockholders, the companies' directors and officers consist of those same two stockholders, both companies share the same offices and support staff, Workers' Compensation and general liability coverage was issued to both AFG and Shore under the same policies, and both companies engaged in precisely the same work. Although the subcontract involved was awarded to Shore,

both its and AFG's employees were on site, performing the very same work, the equipment they utilized was provided by both Shore and AFG to both sets of employees without reference to their employment status, and all AFG and Shore employees were jointly supervised and controlled by AFG's foreman, again without reference to their employment by either AFG or Shore. Furthermore, the appellant admitted that there was only an oral contract between it and Shore, and it is uncontroverted that the plaintiff did not suffer a grave injury (*see* Workers' Compensation Law § 11; *Guijarro v V.R.H. Constr. Corp.,* 290 AD2d 485).

In response, the appellant failed to show the existence of a triable issue of fact. Accordingly, the Supreme Court properly determined that Shore was entitled to dismissal of the third-party causes of action for indemnification and contribution (*see* Workers' Compensation Law §§ 11, 29 [6]; *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152; *Cruceta v Funnel Equities,* 286 AD2d 747; *Srigley v Universal Bldrs. Supply,* 217 AD2d 694; *Kudelski v 450 Lexington Venture,* 198 AD2d 157; *cf. Kaplan v Bayley Seton Hosp.,* 201 AD2d 461). Florio, J.P., O'Brien, Adams and Crane, JJ., concur.