■ Anna Crespo, Appellant, v Paul Pucciarelli, Defendant, and Amboy Bus Co., Inc., et al., Respondents. [803 NYS2d 586]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 23, 2004, which granted the motion of the defendants Amboy Bus Co., Inc., and Carlos Santiago for leave to serve an amended answer and for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In support of their motion pursuant to CPLR 3025 (b) for leave to amend their answer to include an affirmative defense based on the exclusivity of the remedy provided pursuant to the Workers' Compensation Law, the defendants Amboy Bus Co., Inc. (hereinafter Amboy), and Carlos Santiago demonstrated a reasonable excuse for the delay in seeking such relief (*see Lane v Beard,* 265 AD2d 382 [1999]). Moreover, the proposed amendment was not palpably insufficient, did not prejudice the plaintiff, and was not totally devoid of merit (*see Santori v Met Life,* 11 AD3d 597 [2004]; *Goldstein v St. John's Episcopal Hosp.,* 267 AD2d 426 [1999]).

Amboy and Santiago also established their prima facie entitlement to summary judgment on the basis of the affirmative defense which the Supreme Court permitted them to add to their answer. They demonstrated that Amboy and Merit were co-subsidiaries of Atlantic Express Transportation Corp. (hereinafter AETC) and, in fact, were alter egos of each other for purposes of the exclusivity provision of Workers' Compensation Law (*see Thompson v Bernard G. Janowitz Constr. Corp.,* 301 AD2d 588 [2003]) by showing that both companies shared the same offices and employees, that the vehicles used in their bus businesses were shared by their common employees (without reference to their employment status), and that the same individual was president of both companies and president and chief executive officer of their common parent corporation, AETC. Additionally, the employees of both Amboy and Merit were covered under the Workers' Compensation policy of insurance

procured by Atlantic Express Transportation Group, Inc., the owner of all the outstanding shares of AETC.

In opposing the defendants' motion for summary judgment, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.