■ RAFAEL ORTEGA, Appellant, v NOXXEN REALTY CORP., Respondent. [809 NYS2d 546]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated August 5, 2004, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of Gaseteria Oil Corp. (hereinafter Gaseteria), allegedly was injured when he fell from a ladder and scaffold while engaged in the reconstruction of a car wash located next to a Gaseteria gas station. He commenced this action against the owner of the premises containing the car wash and gas station buildings, Noxxen Realty Corp. (hereinafter Noxxen), a wholly owned subsidiary of Gaseteria, alleging negligence and violations of the Labor Law.

After some discovery was conducted, Noxxen moved for sum-

mary judgment dismissing the complaint on the ground that the plaintiff's action was barred by the exclusivity provision of the Workers' Compensation Law, as it was an alter ego of Gaseteria. The Supreme Court granted the motion, and we affirm.

The evidentiary proof submitted by Noxxen was sufficient to make out its prima facie case by showing, inter alia, that it was the alter ego of Gaseteria, the plaintiff's employer, that the plaintiff was engaged in the work of Gaseteria when he was injured, and that he collected workers' compensation benefits for those injuries under Gaseteria's workers' compensation policy (*see Thompson v Bernard G. Janowitz Constr. Corp.*, 301 AD2d 588 [2003]; *Kramps v Goldbetter*, 292 AD2d 571 [2002]). In response, the plaintiff failed to show the existence of a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d ·320, 324 [1986]). Accordingly, Noxxen's motion was properly granted.

The plaintiff's remaining contention is improperly raised for the first time on appeal (*see Ealey v City of New York*, 16 AD3d 543 [2005]; *Murray v Palmer*, 229 AD2d 377 [1996]). Florio, J.P., Krausman, Lifson and Lunn, JJ., concur. [*See* 5 Misc 3d 1003(A), 2004 NY Slip Op 51172(U) (2004).]