■ DANIEL HAGEMAN, Appellant, v B & G BUILDING SERVICES, LLC, Respondent. [823 NYS2d 211]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated June 20, 2005, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion which was for summary judgment dismissing the complaint is denied.

The plaintiff alleges that he was injured on June 26, 2001, while performing demolition work at a Home Depot store in Valley Stream. At that time, he was employed by B & G Electrical Contractors of L.I., Inc., and/or B & G Electrical Contractors of N.Y., Inc. (hereinafter collectively the Electrical corporations). Thereafter, he sued Home Depot in an action he commenced on March 1, 2002. After depositions and other discovery in that case, the plaintiff commenced this action against B & G Building Services, LLC (hereinafter Building), on June 22, 2004. In the complaint in this action, the plaintiff alleged, inter alia, that Building had contracted with Home Depot to perform the demolition work and that he was performing that work in the course of his employment with the Electrical corporations when he was injured.

Thereafter, the plaintiff moved for leave to enter judgment upon Building's default, and Building cross-moved, inter alia, for summary judgment dismissing this action on the ground that it was the plaintiff's employer and this action was barred under the relevant provisions of the Workers' Compensation Law. Insofar as is relevant to this appeal, the Supreme Court granted that branch of the cross motion which was for summary judgment dismissing the complaint, finding that the Electrical corporations and Building "functioned as an alter ego of each other or as joint venturers." We reverse.

Generally, an injured employee's sole remedy against his or her employer is recovery under the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29 [6]; Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 156 [1980]). In instances regarding injuries that occur during the course of a plaintiff's employment, the defense afforded by the exclusivity provisions of the Workers' Compensation Law may also extend to suits brought by a plaintiff against corporations which are the alter egos of, or joint venturers with, the corporation which employs the plaintiff (see Ortega v Noxxen Realty Corp., 26 AD3d 361 [2006]; Mitchell v A.F. Roosevelt Ave. Corp., 207 AD2d 388 [1994]).

Here, although Building's proof established that it and the Electrical corporations were related entities, its proof failed to demonstrate anything other than that it and the Electrical corporations may have all been working at the Home Depot store on the same demolition project and that they may have had some owners in common and/or their offices at the same street address. This was insufficient to establish as a matter of law that the plaintiff should be barred from proceeding against Building by virtue of the applicable provisions of the Workers'

Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *Mournet v Educational & Cultural Trust Fund of Elec. Indus.*, 303 AD2d 474 [2003]; *Constantine v Premier Cab Corp.*, 295 AD2d 303 [2002]; *Cruceta v Funnel Equities*, 286 AD2d 747 [2001]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *cf. Thompson v Bernard G. Janowitz Constr. Corp.*, 301 AD2d 588 [2003]; *Kramer v NAB Constr. Corp.*, 282 AD2d 714 [2001]).

The plaintiff's remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of this determination. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.