OPINION OF THE COURT
Martin Schneier, J.
The plaintiff, Debra Anduaga, was injured when she slipped and fell in a stairwell at 5 Tenafly Avenue, Staten Island, New *406 York. At the time of the accident, plaintiff was acting in the course of her employment as a case manager for NYSARC Inc., New York City Chapter, also known as the Association for the Help of Retarded Children (AHRC), a not-for-profit corporation. The premises were owned by the defendant, AHRC NYC New Projects, Inc., a separate not-for-profit corporation. Plaintiff received workers’ compensation benefits paid on behalf of her employer and commenced this personal injury action against New Projects. New Projects moves for summary judgment on the grounds that this action is barred by the exclusivity provision of the Workers’ Compensation Law. Workers’ compensation is the exclusive remedy for work-related injuries (Workers’ Compensation Law § 11). It is well settled, however, that an employee may have more than one employer for purposes of the Workers’ Compensation Law. New Projects argues that it should be considered plaintiffs employer because it and AHRC are a “single integrated entity” (Ramnarine v Memorial Ctr. for Cancer & Allied Diseases, 281 AD2d 218, 218 [2001]) or, alter egos of each other (Ortega v Noxxen Realty Corp., 26 AD3d 361 [2006]).
In the case of a subsidiary corporation, the parent and subsidiary corporations may be considered alter egos when there is “direct intervention by the parent in the management of the subsidiary to such an extent that ‘the subsidiary’s paraphernalia of incorporation, directors and officers’ are completely ignored” (Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163 [1980], quoting Lowendahl v Baltimore & Ohio R.R. Co., 247 App Div 144, 155 [1936]). In other words, “[t]he parent corporation must exercise complete domination and control of the subsidiary’s day-to-day operations” (Smith v Roman Catholic Diocese, 252 AD2d 805, 806 [1998], quoting Allen v Oberdorfer Foundries, 192 AD2d 1077, 1078 [1993]).
In opposition, plaintiff relies on a separate line of cases exemplified by Buchner v Pines Hotel (87 AD2d 691 [1982]), where the Court stated that
“[t]he individual principals in this business enterprise, for their own business and legal advantage, elected to operate that enterprise through separate corporate entities. The structure they created should not lightly be ignored at their behest, in order to shield one of the entities they created from . . . common-law tort liability” (id. at 692).
To put it another way, “it would [be] inequitable to permit them to shield themselves from tort liability while benefitting by the *407 relationship in other respects” (Levensen v Berkey Professional Processing, 122 AD2d 867, 868 [1986]).
New Projects avers that it exists solely to acquire and hold title to property. New Projects’ bylaws require that the membership of the corporation consist solely of persons who are directors of AHRC, and AHRC pays all the expenses for the building. New Projects maintains that these facts, and its shared management with AHRC, establish it as plaintiffs employer.
However, when the cases which extend the protections of the Workers’ Compensation Law to a related entity are read in light of those which deny it, an unstated element of the former is revealed: the entity seeking the protections of the Workers’ Compensation Law must actually be in the same or similar business. For example, in Ramnarine {supra), both entities were providing health care, with separate staffs and facilities, but shared administration and they held themselves out as a unified hospital. In Ortega {supra), the entities were a gas station and a car wash. Although the defendant in that case also had no employees of its own, there was no finding that the sole purpose of the defendant was to hold title to the property.
In this case, AHRC is engaged in providing services to the developmentally disabled. New Projects’ sole purpose is to hold title to real estate. Thus, the plaintiff was not acting in furtherance of New Projects’ purpose when she fell on its property. Accordingly, the court finds that the defendant has failed to establish a prima facie entitlement to summary judgment. The motion is, therefore, denied.