■ Louis Cappella, Appellant, v Suresky at Hatfield Lane, LLC, Respondent. [864 NYS2d 316]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated June 5, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of R.I. Suresky & Son, Inc., a car dealership located in Orange County, allegedly fell in the dealership lot and sustained injuries. The lot is owned by the defendant Suresky at Hatfield Lane, LLC, a limited liability corporation. Harold E. Suresky is the owner of the defendant and, along with his wife and son, is a board member of the Suresky car dealership.

The defense afforded to employers by the exclusivity provi-

sions of the Workers' Compensation Law may also extend to suits brought against an entity which is found to be the alter ego of the corporation which employs the plaintiff (*see Hageman v B & G Bldg. Servs., LLC,* 33 AD3d 860 [2006]; *Ortega v Noxxen Realty Corp.,* 26 AD3d 361 [2006]; *Thompson v Bernard G. Janowitz Constr. Corp.,* 301 AD2d 588 [2003]). A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law must show, prima facie, that it was the alter ego of the plaintiff's employer (*see Ortega v Noxxen Realty Corp.,* 26 AD3d 361, 362 [2006]).

Here, the defendant met its burden in moving for summary judgment by proffering evidence that R.I. Suresky & Son, Inc., exercised managerial and financial control over the defendant sufficient to establish a prima facie defense under the Workers' Compensation Law (*see Hageman v B & G Bldg. Servs., LLC,* 33 AD3d 860 [2006]; *Ortega v Noxxen Realty Corp.,* 26 AD3d 361 [2006]; *Thompson v Bernard G. Janowitz Constr. Corp.,* 301 AD2d 588 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Young Man Song v CSA Contr. Corp.,* 287 AD2d 560 [2001]). Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.