In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated November 30, 2011, which granted the motion of the defendants Luvin Construction Corp. and Jose I. Sanchez for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with costs.
The protection against lawsuits brought by injured workers that is afforded to employers by Workers’ Compensation Law §§11 and 29 (6) also extends to entities that are alter egos of *619 the entity which employs the plaintiff (see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 594-595 [2010]; Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d 522, 522-523 [2008]). A defendant moving for summary judgment based on the exclusivity defense of the Workers’ Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiffs employer (see Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d at 522-523; Ortega v Noxxen Realty Corp., 26 AD3d 361, 362 [2006]). A defendant may establish itself as the alter ego of a plaintiffs employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity (see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 594-595).
Here, the defendants Luvin Construction Corp. and Jose I. Sanchez proffered evidence that Luvin Construction Corp. and nonparty FML Contracting, Inc., the employer of the plaintiff and Sanchez, operate as a single integrated entity and their submissions established, prima facie, a defense under the Workers’ Compensation Law (see Morato-Rodriguez v Riva Constr. Group, Inc., 88 AD3d 549, 549 [2011]; Anduaga v AHRC NYC New Projects, Inc., 57 AD3d 925, 925 [2008]; Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d at 522-523; Ortega v Noxxen Realty Corp., 26 AD3d at 362; Crespo v Pucciarelli, 21 AD3d 1048, 1049 [2005]; Thompson v Bernard G. Janowitz Constr. Corp., 301 AD2d 588, 588-589 [2003]; see also Naso v Lafata, 4 NY2d 585, 590 [1958]; Jaglall v Supreme Petroleum Co. of N.J., 185 AD2d 971, 972 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the motion of the defendants Luvin Construction Corp. and Jose I. Sanchez for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ, concur.