■ MARY HENDERSON et al., Plaintiffs, v GYRODYNE COMPANY OF AMERICA, INC., Defendant/Third-Party Plaintiff-Respondent. TOWNE BUS CORP.,Third-Party Defendant-Appellant. (And Another Third-Party Action.) [1 NYS3d 199]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated February 13, 2013, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the third-party defendant, Towne Bus Corp., which was for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution. "Workers' Compensation Law § 11 prohibits third-party indemnification or contribution claims against employers, except where the employee sustained a 'grave injury,' or the claim is 'based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution . . . or indemnification' " (*Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 429-430 [2005], quoting Workers' Compensation Law § 11; *see Persaud v Bovis Lend Lease, Inc.*, 93 AD3d 831, 832 [2012]). Under the circumstances

presented here, the evidence submitted by the third-party defendant raised triable issues of fact as to whether the injured plaintiff was its employee at the relevant time.

Further, the third-party defendant failed to show, prima facie, that it should be deemed the "alter ego" of the injured plaintiff's alleged employer for purposes of the Workers' Compensation Law. Under some circumstances, the defense afforded by the exclusivity provisions of the Workers' Compensation Law may extend to a company that is the alter ego of the injured plaintiff's employer (*see Cappella v Suresky at Hatfield Lane, LLC*, 55 AD3d 522, 522-523 [2008]; *Hageman v B & G Bldg. Servs., LLC*, 33 AD3d 860, 861 [2006]; *Ortega v Noxxen Realty Corp.*, 26 AD3d 361, 362 [2006]). Here, however, the third-party defendant failed to make a prima facie showing that it should be deemed the alter ego of the company that employed the injured plaintiff as, inter alia, it presented no specific evidence with regard to the financial structure of the subject entities or the business locations of those entities. In addition, although the third-party defendant submitted evidence that it and the allegedly related entities maintain Workers' Compensation insurance through a certain trust, the record does not show whether the injured plaintiff was granted benefits as an employee of the third-party defendant or as an employee of another entity completely unrelated to the third-party defendant for Workers' Compensation purposes. The third-party defendant thus failed to satisfy its burden of showing, prima facie, that it is entitled to assert an exclusivity defense under Workers' Compensation Law § 11, based on an alter ego theory (*see Batts v IBEX Constr., LLC*, 112 AD3d 765, 767 [2013]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 595 [2010]; *Constantine v Premier Cab Corp.*, 295 AD2d 303, 304 [2002]).

The Supreme Court also properly denied that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification against it. Notwithstanding an injured plaintiff's employment status, Workers' Compensation Law § 11 "expressly permits [third party] indemnification claims 'based upon a provision in a written contract' " (*Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d at 432, quoting Workers' Compensation Law § 11).

Here, the third-party defendant, as tenant, entered into a lease with Gyrodyne Company of America, Inc. (hereinafter Gyrodyne), the third-party plaintiff and owner of the property where the subject accident occurred. That lease, effective until approximately one month prior to the date of the subject ac-

cident, contained a clause requiring the third-party defendant to indemnify Gyrodyne for liability or damages incurred based on "any act or acts, omission or omissions of the Tenant, or of the employees . . . of the Tenant." Upon the expiration of the lease, the third-party defendant continued to occupy the leased premises. Generally, when a tenant remains in possession after the expiration of a lease, "pursuant to common law, there is implied a continuance of the tenancy on the same terms and subject to the same covenants as those contained in the original instrument" (*City of New York v Pennsylvania R.R. Co.*, 37 NY2d 298, 300 [1975]; *see Matter of Casamento v Juaregui*, 88 AD3d 345, 347 [2011]). The third-party defendant failed to establish that the holdover tenancy was not subject to the terms of the written lease, including the indemnification provision (*see Lynch v Savarese*, 217 AD2d 648, 649 [1995]; *cf. Bush v Mechanicville Warehouse Corp.*, 79 AD3d 1327, 1330-1331 [2010]).

The third-party defendant also failed to show, prima facie, that it lacked actual or constructive notice and did not create the purported defective condition, for purposes of the contractual indemnification provision, and as relative to its potential liability for common-law indemnification and contribution (*see Hecht v Saccoccio*, 120 AD3d 474 [2014]; *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]).

Since the third-party defendant did not sustain its prima facie burden, it is unnecessary to determine whether the papers submitted by Gyrodyne in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the third-party defendant's motion for summary judgment dismissing the third-party complaint. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.