Clarke v First Student, Inc. (2018 NY Slip Op 02766)





Clarke v First Student, Inc.


2018 NY Slip Op 02766


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2016-04025
 (Index No. 15770/12)

[*1]Ibia M. Clarke, respondent,
v First Student, Inc., etc., appellant.


Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Harold L. Moroknek, Daniel W. Levin, and Steven Saal of counsel), for appellant.
Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered March 25, 2016. The order denied the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is granted.
In November 2012, the plaintiff, who was then an employee of First Student Management, LLC (hereinafter FSM or the employer), allegedly was injured when she fell due to a defective condition at FSM's place of business. She commenced this action against the defendant, First Student, Inc., which owned the premises, seeking damages for negligence. After earlier motion practice and an appeal (see Clarke v Laidlaw Tr., Inc., 125 AD3d 920), discovery proceeded, and the defendant moved for summary judgment dismissing the amended complaint. The defendant contended that it and the plaintiff's employer were functionally the same entity with respect to the exclusivity provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29[6]). The Supreme Court denied the defendant's motion, and the defendant appeals.
Generally, employees injured in the course of their employment may recover against their employers only under the Workers' Compensation Law (see Workers' Compensation Law § 11; Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 156). Workers' Compensation Law § 29(6) expressly provides that "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee" (see Isabella v Hallock, 22 NY3d 788, 792-793; Reich v Manhattan Boiler & Equip. Corp., 91 NY2d 772, 779). The exclusive remedy provisions also bar employees from seeking damages from "alter egos" of their employers (Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 595; Hageman v B & G Bldg. Servs., LLC, 33 AD3d 860, 861). The alter ego rule applies when one of the entities in question controls the other or when the two entities operate as a single integrated entity (see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 595). A mere showing that the entities are related—by, for example, sharing officers or ownership—is insufficient (see Moses v B & E Lorge Family Trust, 147 AD3d 1045, 1046-1047).
Here, the defendant established, prima facie, that it was an alter ego of the plaintiff's employer by submitting evidence that, among other things, in addition to owning the premises, it was the sole owner and manager of the limited liability company that was the plaintiff's employer, that the plaintiff's employer was formed to provide bus drivers for the defendant's pupil transportation business, and that the two entities shared the same Workers' Compensation insurance policy (see Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d 522, 523; cf. Crespo v Pucciarelli, 21 AD3d 1048, 1049). In opposition, the plaintiff failed to raise a triable issue of fact (see Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d at 523). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the amended complaint.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court