Gerardi v I.J. Litwak Realty Ltd. Partnership (2019 NY Slip Op 07947)





Gerardi v I.J. Litwak Realty Ltd. Partnership


2019 NY Slip Op 07947


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2016-10761
 (Index No. 9134/08)

[*1]Lisa Gerardi, appellant, 
v
I.J. Litwak Realty Limited Partnership, et al., respondents.


Schwartz Goldstone & Campisi, LLP (Joshua Annenberg, New York, NY, of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 19, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Block 7932, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Block 7932, Inc., is denied.
The plaintiff was employed as a school bus driver when she allegedly fell in the parking lot of a bus terminal, sustaining injuries. The lot was owned by the defendant I.J. Litwak Realty Limited Partnership and leased by the defendant Block 7932, Inc. (hereinafter Block).
The plaintiff thereafter commenced this personal injury action against the defendants. Following the completion of discovery, the defendants moved for summary judgment dismissing the amended complaint, arguing, among other things, that Block could not be held liable because it was the alter ego of the plaintiff's employer. In an order dated August 19, 2016, the Supreme Court granted the defendants' motion. The plaintiff appeals from so much of the order as granted that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against Block.
The defense afforded to employers by the exclusivity provisions of the Workers' Compensation Law may also extend to suits brought against an entity that is found to be the alter ego of the corporation that employs the plaintiff (see Clarke v First Student, Inc., 160 AD3d 921, 922; Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d 522). A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law must show, prima facie, that it was the alter ego of the plaintiff's employer (see Ortega v Noxxen Realty Corp., 26 AD3d 361, 362; Crespo v Pucciarelli, 21 AD3d 1048).
Here, Block showed that it was formed for the sole purpose of holding the lease on the bus terminal where the subject accident took place, that it had no employees or bank account of its own, and that the day-to-day management of the subject property, including the payment of the [*2]rent to the property owner, was handled entirely by Amboy Bus Company, which was part of the same corporate group as Block. While Block's motion papers also showed that the plaintiff's employer was Amboy Bus Company, additional evidence submitted by Block in its reply papers indicated that the plaintiff's employer was, in fact, a different corporate entity called Atlantic Express Trans. Group. Under these circumstances, the conflicting record evidence regarding the identity of the plaintiff's employer precluded an award of summary judgment dismissing the amended complaint insofar as asserted against Block.
Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against Block should have been denied.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court