Rainey v Bonanno (2019 NY Slip Op 09143)





Rainey v Bonanno


2019 NY Slip Op 09143


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1069 CA 19-00786

[*1]EARL RAINEY, PLAINTIFF-RESPONDENT,
v
PAUL BONANNO, DEFENDANT-APPELLANT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JEFFREY F. BAASE OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICES OF ROBERT D. BERKUN, BUFFALO (PHILIP A. MILCH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered October 9, 2018. The order denied the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on snow and ice that had accumulated on a walkway at a rental property owned by defendant. Defendant appeals from an order denying his pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Defendant contends that Supreme Court erred in denying the motion because he conclusively established that Celeste Rainey, as the lessee of the property, was solely responsible for snow and ice removal on the walkway. We disagree.
"Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition" (Gronski v County of Monroe, 18 NY3d 374, 379 [2011], rearg denied 19 NY3d 856 [2012]). However, "an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable . . . for personal injuries caused by an unsafe condition existing on the premises" (Balash v Melrod, 167 AD3d 1442, 1442 [4th Dept 2018] [internal quotation marks omitted]).
In support of his motion, defendant submitted his own affidavit, in which he averred that he never shoveled or salted the walkway, and a lease agreement between Celeste Rainey and defendant's rental agent that expired prior to the date of plaintiff's accident, which included a provision delegating responsibility for snow and ice removal to Celeste Rainey. Contrary to defendant's contention, the documentary evidence that he submitted does not conclusively establish that he was not contractually obligated to keep the walkway clear of snow and ice. Indeed, the expired lease agreement, signed by neither plaintiff nor defendant, does not conclusively establish that there was a holdover tenancy when plaintiff was injured and, therefore, that the provision delegating snow and ice removal to Celeste Rainey was in effect at that time (see Real Property Law § 232-c; cf. City of New York v Pennsylvania R.R. Co., 37 NY2d 298, 300 [1975]; Henderson v Gyrodyne Co. of Am., Inc., 123 AD3d 1091, 1093 [2d Dept 2014]). Moreover, defendant's evidentiary submissions, including his own affidavit, do not "establish conclusively that plaintiff has no cause of action" (Rovello v Orofino Realty Co., Inc., 40 NY2d 633, 636 [1976]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court