## Wentland v Future Stewart Partners, LLC

2024 NY Slip Op 30783(U)

March 12, 2024

Supreme Court, New York County

Docket Number: Index No. 156865/2023

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                       PART                    47

*Justice*

-------------------------------------------------------------------------------X

WALTER WENTLAND

                                     Plaintiff,

                      - v -

FUTURE STEWART PARTNERS, LLC,

                                     Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156865/2023 |
| MOTION DATE | 10/19/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 31

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, it is

Defendant, Future Stewart Partners, LLC ("Future") moves pursuant to CPLR §

3211(a)(1) and CPLR § 3211(a)(7) to dismiss plaintiff, Walter Wetland's complaint in its

entirety. Defendant submits documentary evidence under CPLR § 3211(a)(1) which it argues

bars plaintiff's claims under the exclusivity provision of Workers' Compensation Law § 11, by

establishing that defendant is part of a joint venture with plaintiff's employer. Defendant argues

that if plaintiff's claims are barred by this provision, then the entire complaint must be dismissed

under CPLR § 3211(a)(7) for a failure to state a cause of action on which relief can be sought.

## DISCUSSION

Under CPLR § 3211(a)(7) "A party may move for judgment dismissing one or more

causes of action asserted against him on the ground that the pleading fails to state a cause of

action." When "considering the sufficiency of a pleading subject to a motion to dismiss for

failure to state a cause of action under CPLR 3211(a)(7), our well-settled task is to determine

whether, 'accepting as true the factual averments of the complaint, plaintiff can succeed upon

**156865/2023   WENTLAND, WALTER vs. FUTURE STEWART PARTNERS, LLC**                    **Page 1 of 4**
  **Motion No.  001**

[* 1]

any reasonable view of the facts stated" (*Campaign for Fiscal Equity, Inc. v State*, 86 NY2d 307, 318 [1995]). Further, "[u]nder CPLR 3211(a)(1), dismissal may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Seaman v Schulte Roth & Zabel LLP*, 176 AD3d 538, 538-39 [1st Dept 2019] [internal quotation marks removed]). "An unambiguous written agreement can … constitute documentary evidence" (*id*. at 539).

Workers' Compensation Law § 11 states,

> The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his or her personal representatives, spouse, parents, dependents, distributees, or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom.

"Generally, an injured employee's sole remedy against his or her employer is recovery under the Workers' Compensation Law" (*Hageman v B & G Bldg. Services, LLC*, 33 AD3d 860, 861 [2d Dept 2006]). "In instances regarding injuries that occur during the course of a plaintiff's employment, the … exclusivity provisions of the Workers' Compensation Law may also extend to suits brought by a plaintiff against corporations which are the alter egos of, or joint venturers with, the corporation which employs the plaintiff" (*Hageman v B & G Bldg. Services, LLC*, 33 AD3d 860, 861 [2d Dept 2006]). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity." (*Salcedo v Demon Trucking, Inc*., 146 AD3d 839, 841 [2d Dept 2017).

To establish that the relationship between two companies represents a joint venture, a party must show "acts manifesting the intent of the parties to be associated as joint venturers, mutual contribution to the joint undertaking through a combination of property, financial

**156865/2023   WENTLAND, WALTER vs. FUTURE STEWART PARTNERS, LLC**
**Motion No.  001**

**Page 2 of 4**

2 of 4

resources, effort, skill or knowledge, a measure of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses" (*Lebedev v Blavatnik*, 193 AD3d 175, 185 [1st Dept 2021]). "A joint venture is "an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge" (*Kaufman v Torkan*, 51 AD3d 977, 979 [2d Dept 2008]). "[P]artnership agreement[s], payroll records and tax statements, along with the deposition testimony of one of the principals of the joint venture" can be used as evidence to determine that a joint venture exists (*Mitchell v A.F. Roosevelt Ave. Corp.*, 207 AD2d 388, 389 [2d Dept 1994]). Further, evidence that "[a]n examination of the agreement … discloses that the parties are referred to as 'Joint Venturers' and that the agreement is limited to the project" of performing the injury producing work, supports the existence of a joint venture (*Fallone v Misericordia Hosp.*, 23 AD2d 222, 225 [1st Dept 1965]).

Here, in support of its motion, defendant submits an operating agreement between ADP International Americas LLC ("ADPIA") and AFCO AvPORTS Management LLC ("AvPorts") outlining the terms of the management of defendant LLC (NYSCEF Doc No 21). The operating agreement notes that ADPIA and AvPorts entered into a Joint Venture Agreement on April 15, 2019 (*id*.).  ADPIA and AvPorts entered into this agreement which formed defendant LLC for the purpose of obtaining a contract to perform work at Stewart International Airport (*id*.). It was during the performance of this work that plaintiff was injured (NYSCEF Doc No 16 ¶ 5). The operating agreement indicates that AvPorts and ADPIA both hold equal membership interests and contributed equal capital into the formation of defendant LLC (NYSCEF Doc No 21 at 16).

Further, as in *Fallone* an examination of the agreement indicates that ADPIA and AvPorts refer to themselves as joint venturers with the purpose of performing the injury

[* 3]

producing work. Since it is undisputed that AvPorts was plaintiff's employer at the time of the accident, and since defendant has provided prima facie evidence that AvPorts was in a joint venture with ADPIA, which formed defendant LLC, plaintiff's "employer" through the Workers' Compensation Law refers to all members of the joint venture. Therefore, plaintiff's exclusive remedy as against all members of the joint venture is through the Workers' Compensation Law. Thus, as plaintiff's claims are barred, the complaint must be dismissed for a failure to state a cause of action on which relief can be sought.

Accordingly it is,

ORDERED that the defendant's motion to dismiss is granted in its entirety, with costs and disbursements to defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly.

20240312143550PG0ETZ1885705203D124261ABCC4AF9A4F3F66F

**3/12/2024**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156865/2023   WENTLAND, WALTER vs. FUTURE STEWART PARTNERS, LLC**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]