**Singh v Tribeca Kitchen LLC**

2024 NY Slip Op 31119(U)

April 3, 2024

Supreme Court, New York County

Docket Number: Index No. 160763/2020

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LESLIE A. STROTH**

*Justice*

PART 12

-----------------------------------------------------------------------X

AVIAN K. SINGH,

Plaintiff,

- v -

TRIBECA KITCHEN LLC, 85 W BROADWAY PROPCO LLC, HYATT CORPORATION, HYATT CORPORATION D/B/A SMYTH THOMPSON HOTEL

Defendant.

-----------------------------------------------------------------------X

INDEX NO.       160763/2020

MOTION DATE     11/14/2023

MOTION SEQ. NO.     002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78

were read on this motion to/for                JUDGMENT - SUMMARY              .

Plaintiff Avian K. Singh (plaintiff) commenced this action to recover damages for personal injuries he allegedly sustained when he tripped and fell over a raised corner of a rug in the lounge portion of the premises, a hotel, at 85 West Broadway, New York, New York (the premises), on November 6, 2019. The premises is owned by defendant 85 W Broadway Propco LLC (Propco). The claims against defendant Hyatt Corporation, Hyatt Corporation D/B/A Smyth Thompson Hotel (collectively, Hyatt) were discontinued. Defendant Tribeca Kitchen LLC (Tribeca) was alleged to be the restaurant company to whom Propco leased the space.

## I.     Background

Mr. Singh allegedly tripped and fell over a raised corner of a rug inside the lounge area at the premises, while he was working as a front desk clerk on November 6, 2019. The C-2 Employer's Report of Work-Related Injuries/Illness Form (*See* NYSCEF Doc. No. 64) and the Employer's Statement of Wage Earnings Form (*Id.*) show that at the time of the accident, Mr. Singh's general employer was SHK Management, Inc (SHK). Propco and AKA Management I,

**160763/2020  SINGH, AVIAN K. vs. TRIBECA KITCHEN LLC ET AL**
**Motion No. 002**

Page 1 of 6

1 of 6

LLC (AKA), which is allegedly affiliated with SHK, entered into a Property Management Agreement, for the premises with each other, which was dated November 22, 2017. Plaintiff has collected worker's compensation for this accident. *See* NYSCEF Doc. No. 64, pp. 26-27.

Plaintiff filed a Summons and Complaint against Tribeca, Propco, and Hyatt, pleading causes of action for common law negligence, Labor Law § 200, Labor Law § 240 (1), and Labor Law § 241 (6). On March 8, 2021, a stipulation of discontinuance between plaintiff and Hyatt was filed, discontinuing all claims against the Hyatt defendants. An order granting plaintiff's motion for a default against Tribeca was granted on December 7, 2021.

Propco, the sole remaining defendant, now moves for summary judgment pursuant to CPLR 3212, dismissing plaintiff's claims against it, under two theories: (1) defendant as the out-of-possession landlord owed no duty to plaintiff; and (2) plaintiff is a special employee of defendant or defendant is an alter ego of the nonparty plaintiff's employer SHK.

## II. Analysis

It is well-established that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520 (1st Dept 1989), quoting *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957). As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *See Alvarez v Prospect Hospital*, 68 NY2d 320 (1986); *Winegrad v New York University Medical Center*, 64 NY2d 851 (1985). The party opposing a motion for summary judgment is entitled to all favorable inferences drawn from the evidence submitted. *See Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dept 1990), citing *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 521 (1st Dept 1989).

**160763/2020  SINGH, AVIAN K. vs. TRIBECA KITCHEN LLC ET AL**
**Motion No.  002**

Page 2 of 6

The defendant's first argument, that it owed no duty to plaintiff because it is an out of possession landlord, immediately fails since the premises are open to the public, and defendant bears a non-delegable responsibility to provide the public with reasonably safe premises. *See Logiudice v. Silverstein Properties, Inc.*, 48 AD3d 286 (1st Dept 2008). At a minimum, plaintiff would be entitled to work in reasonably safe conditions at the premises. Furthermore, defendant's claim that the plaintiff was its "special employee," is not supported by any of the evidence submitted. Defendant has failed to establish a prima facie case demonstrating control over the plaintiff's work or any other substantial working relationship sufficient to deem the defendant as the plaintiff's employer. *See Fung v Japan Airlines Co., Ltd.*, 9NY3d 351 (Court of Appeals 2007); *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594 (2nd Dept 2010); *Gonzalez v. Lovett Assoc.*, 228 AD2d 342 (1st Dept1996).

This analysis centers primarily on the defendant's argument that it is an alter ego of plaintiff's employer, SHK, and therefore, plaintiff is not entitled to relief beyond workers compensation pursuant to Workers' Compensation Law §§ 11, 29 (6). It is well-settled that the sole and exclusive remedy of an employee against his employer for injuries sustained in the course of employment is to receive benefits under the Workers' Compensation Law. *See Gonzales v Armac Ind.*, Ltd., 81 NY2d 1 (1993); *Lane v Fisher Park Lane Co.*, 276 AD2d 136 (1st Dept 2000). The defense afforded to employers by the exclusivity provisions of the Workers' Compensation Law extends to suits brought against an entity, which is found to be the "alter ego" of the plaintiff's employee. *Hageman v B & G Bldg. Servs.*, LLC, 33 AD3d 860 (2d Dept 2006); *Ortega v Noxxen Realty Corp.*, 26 AD3d 361 (2d Dept 2006); *Thompson v Bernard G. Janowitz Constr. Corp.*, 301 AD2d 588 (2d Dept 2003).

160763/2020   SINGH, AVIAN K. vs. TRIBECA KITCHEN LLC ET AL
Motion No. 002

Page 3 of 6

3 of 6

[* 3]

A corporation is the "alter ego" of another where the corporations "function as one company." A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity. However, a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other. *See Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594 (2nd Dept 2010).

Whether an entity is considered an "alter ego" of another turns upon factors such as whether the entities share a common purpose, have integrated or commingled assets, share a tax return, are treated by the owners as a single entity, share the same insurance policies, and share managers or are owned by the same person. *See Buchwald v 1307 Porterville Rd.*, LLC, 160 AD3d 1464 (4th Dept 2018). Additional factors include whether the alter ego has any employees; if the alter ego leases property pursuant to a written lease or pays rent to the plaintiff's employer; and if one entity pays the bills for the other, even if those bills are for the benefit of the nonpaying entity. *Id.*; *see also Crespo v Pucciarelli*, 21 AD3d 1048 (2d Dept 2005).

In the instant matter, defendant Propco asserts that it is the alter ego of plaintiff's employer. Defendant further asserts that: it is an ownership entity created solely to own the premises, it had no employees, and it had no functions regarding the operation of the premises. Instead, defendant claims that SHK, the plaintiff's employer, managed the premises through its own employees, including plaintiff. *See* NYSCEF Doc. No. 60, Para. 68. However, the Property Management Agreement provided by defendant shows that AKA was responsible for the operation, maintenance, and management of the premises. *See* NYSCEF Doc. No. 58. The court observes that defendant tends to interchange names and/or conflate the roles of the premises' manager,

**160763/2020 SINGH, AVIAN K. vs. TRIBECA KITCHEN LLC ET AL**
**Motion No. 002**

**Page 4 of 6**

[* 4]

4 of 6

AKA, and plaintiff's employer, SHK, in its submissions. Furthermore, defendant Propco alleges that it, along with AKA and SHK, shared the same insurance policy pertaining to the premises.

However, the Court considers a variety of factors when evaluating whether an entity is an alter ego of another entity. *See Buchwald v 1307 Porterville Rd.*, LLC, 160 AD3d 1464 (4th Dept 2018); *see also Crespo v Pucciarelli*, 21 AD3d 1048 (2d Dept 2005). Given the equitable nature of this relief, the standard for assessing an alter ego defense should be stringent, necessitating the treatment of two legally distinct entities as one integrated entity. A key aspect in identifying an alter ego is the presence of a unity of interest among the entities involved. *See Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594 (2nd Dept 2010).

In this case, defendant Propco has not produced prima facie evidence that it and the nonparty plaintiff's employer SHK operate as a single entity rather than merely having an affiliation, or a relationship whereby one of the entities controls the other. Instead, the defendant's submission primarily addresses the relationship between defendant and the premises' manager AKA. The defendant's arguments in support of its claim for alter ego status are insufficient to warrant such a finding.

It is worth noting that the formation of multiple entities within a business group for strategic or operational purposes is a common practice in the commercial realm. Mere affiliation among group companies, or shared resources such as a business insurance policy, does not automatically imply an alter ego relationship. As the Third Department held in *Buchner v. Pines Hotel,* 87 AD2d 691 (3rd Dept 1982), "[t]he individual princip[als] in this business enterprise, for their own business and legal advantage, elected to operate that enterprise through separate corporate entities. The structure they created should not lightly be ignored at their behest, in order to shield one of the entities they created from common-law tort liability".

**160763/2020  SINGH, AVIAN K. vs. TRIBECA KITCHEN LLC ET AL**
**Motion No.  002**

**Page 5 of 6**

5 of 6

Here, defendant Propco hasn't provided sufficient evidence for this court to disregard the separate incorporation of itself and plaintiff's employer, and to deem Propco as an alter ego of plaintiff's employer.

For all of the foregoing reasons, and absent establishment of a prima facie alter-ego defense by Propco, there are triable issues of material fact that must be determined by a jury. Therefore, defendant's motion for summary judgment is denied.

### III. Conclusion

Accordingly, it is hereby

ORDERED that defendant 85 W Broadway Propco LLC's motion for summary judgment is denied in its entirety.

The foregoing constitutes the Order and Decision of the Court.

| 4/3/2024 | | | | |
|----------|---|---|---|---|
| DATE | | | HON. LESLIE A. STROTH | J.S.C. |
| CHECK ONE: | ☐ CASE DISPOSED | ☐ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

160763/2020   SINGH, AVIAN K. vs. TRIBECA KITCHEN LLC ET AL
Motion No. 002

Page 6 of 6

6 of 6

[* 6]